IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 07-198 (CKK) |
| V. | ) |
| | ) |
| **KEVIN STODDARD** | ) |

**MOTION TO SUPPRESS IDENTIFICATIONS**

Defendant Kevin Stoddard, through counsel, respectfully moves the Court to suppress, as evidence against him, identifications made through the use of a "showup" and a photographic array. As grounds, Mr. Stoddard states as follows:

1.Mr. Stoddard is currently charged with two counts of bank robbery. The events occurred on April 3, 2007 and May 14, 2007.

2.Mr. Stoddard was seized pursuant to a "second sighting" on July 11, 2007, and presented by the police to civilian witnesses on the street. Two witnesses at the showup identified him as the perpetrator of the two robberies. Subsequently, witnesses were shown a six photograph array which included Mr. Stoddard's photo.

For the reasons stated in the accompanying Memorandum of Points and Authorities in Support of the Motion to Suppress Identifications, Mr. Stoddard that asserts that he was unlawfully seized and that the identifications of him were so unduly suggestive as render them unreliable.

Mr. Stoddard requests a hearing on this motion.

Respectfully submitted,

A.J. Kramer

Federal Public Defender

_____//_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Kevin Stoddard
DC Bar #214171
625 Indiana Avenue, NW, #550
Washington, DC 20004
202/208-7500
Fax/501-3829 or 208-7515

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) **Cr. No. 07-198 (CKK)** |
| V. | ) |
| | ) |
| <u>**KEVIN STODDARD**</u> | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION TO SUPPRESS IDENTIFICATIONS**

Kevin Stoddard is currently charged with two counts of bank robbery. The events, according to the indictment, occurred on April 3 and May 14, 2007. On July 11, 2007, some two months after the May robbery, witnesses both to robberies saw Mr. Stoddard on the street, called the police, and claimed that Mr. Stoddard was the perpetrator of the two robberies. He was then seized and presented to these witnesses through a "showup" procedure. Again, two witnesses identified him as the robber Identification procedures utilized by the police in the matter included a "showup" and a photographic array.

I.   THERE WAS NEITHER PROBABLE CAUSE FOR THE
     <u>SEIZURE NOR ARTICULABLE SUSPICION FOR THE STOP</u>

The showup identification in this matter was initiated by the stop and seizure of Mr. Stoddard. The basis for the stop and seizure of Mr. Stoddard is the purported second sighting occurring some two months after the second robbery. On information and belief, the authorities had no information on the date of the robbery, the opportunities to view the perpetrator, the length of the encounter, and other circumstances of the robbery sufficient to seize Mr. Stoddard at that point. At that point Mr. Stoddard was not engaged in any suspicious behavior, and there was no warrant against him pending for either of the robberies.

The determination of whether there is probable cause to arrest someone requires a "practical, commonsense" inquiry. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Warren*, 310 U.S. App. D.C. 1, 42 F.3d 647 (D.C. Cir. 1995). Where, as here, the seizure is based upon a purported second sighting, without more, the seizure is flawed, and the evidence, *to wit*, the identification, must be suppressed.

II.    THE SHOWUP WAS UNNECESSARY AND UNRELIABLE

Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. *Manson v. Brathwaite*, 432 U.S. 98, 107 (1977); *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967).

"Reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of one's prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *Id*.

Here, Mr. Stoddard, was presented to witnesses, alone, some two months after the event, in handcuffs, surrounded by police. This showup was in essence a reduced lineup with none of the guarantees that accompany a regular police lineup, *i.e.*, more than one person displayed. Rather than have Mr. Stoddard produce identification such that his identity could be preserved, he was

unlawfully seized and a suggestive identification procedure conducted.

    Mr. Stoddard respectfully requests that this Court grant a hearing and suppress the identification evidence.

Respectfully submitted,

A. J. Kramer

Federal Public Defender

_____//_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Kevin Stoddard
Bar #214171
625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/208-7515 or 501-3829

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 07-198 (CKK) |
| V. | ) |
| | ) |
| **KEVIN STODDARD** | ) |

**ORDER**

Defendant Stoddard having moved to suppress identifications in this case, and good cause shown after hearing, it is hereby **ORDERED** that the motion is granted.

This, the       day of                  , 2007.


_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE