UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-198 (JR) |
| | : | |
| v. | : | |
| | : | |
| KEVIN STODDARD, | : | |
| Defendant | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS IDENTIFICATION TESTIMONY**

The United States Attorney, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Suppress Identification Testimony. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion.

I.   PROCEDURAL BACKGROUND

On August 10, 2007, a federal grand jury indicted the defendant, Kevin Stoddard, on two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a).

II.   FACTUAL BACKGROUND

On April 3, 2007, the defendant walked into an M and T Bank on Georgia Avenue, N.W., grabbed a male bank employee, who sat at a desk near the entrance to the bank, forced the employee to walk with him to the teller counter while implying that he had a weapon, and demanded money. After receiving cash from various tellers, the defendant fled from the bank. On May 14, 2007, the defendant walked into the same bank, grabbed the same employee, forced the employee to walk to the tellers again and demanded and received cash from the tellers. The defendant again fled. Surveillance photographs and videos that were recorded on both days, captured the robbery,

including pictures of the defendant. Employee witnesses made an immediate report of the bank robberies to law enforcement and provided detailed descriptions of the robber. The descriptions given by employees of bank, including those witnesses who subsequently identified the defendant in either a show-up on July 11, 2007 or photo arrays at various times, include six details regarding the robber, including height, weight, complexion, clothing and hair style.

    A. The Identification Procedures

        1.    **J.K.:** Second-Sighting and subsequent Show-up Identification

The evidence will show that on July 11, 2007, J.K., the employee who was grabbed by the defendant during both of the robberies, saw the robber riding his bike past the M and T Bank, on Georgia Avenue, N.W. J.K. and immediately called the police. When the police arrived, they stopped the defendant half a block away from the bank? Minutes later, J.K. , during a show-up, identified without a doubt the defendant as the man who grabbed him and robbed the M and T Bank on April 23, 2007 and May 14, 2007.

        2.    **Y.G.** Photo Spread Identification

A teller during both of the robberies, Y.G., was able to view the defendant up close during both of the robberies. During the second robbery, Y.G. recognized the defendant as the same person who robbed the bank the first time. Y.G. gave a detailed description of the robber. On July 20, 2007, law enforcement agents showed him a photo spread containing six pictures. Y.G. identified the defendant as the robber.

    3. Other Photo Spread Identifications were made in the course of the Investigation

III.    <u>LEGAL ANALYSIS</u>

The defendant moves to suppress the show-up identification(s) and photo array identifications, arguing that (1) there was no probable cause for the arrest of the defendant; and (2)the show-up was unnecessary and unreliable. Specifically, the defendant contends that law enforcement agents did not have a sufficient basis to stop the defendant since the last robbery occurred more than two months before the second-sighting, and the officers had no information about the reliability of the identification upon stopping the defendant. Second, the defendant argues that the identifications were impermissibly suggestive and unreliable. See Mot. Suppress at 1-2. The defendant's position, however, is not supported by the law or the facts of this case.

As an initial matter, the police had a reasonable, articulable suspicion when the defendant was stopped that the defendant might be connected with the April 3, 2007 and May 14, 2007 robberies, based on J.K.'s role during the offense and his communications with the police about a second-sighting. The defendants fails to cite a single case for the proposition that an illegal seizure of a suspect will result in a subsequent suppression of an otherwise valid identification. Moreover, the government will demonstrate that agents(officers) had sufficient reasonable suspicion to briefly stop the defendant for the purposes of identification.

To determine whether an out-of-court identification is admissible, a trial court typically engages in a two-step inquiry: it decides (1) whether the identification procedure "was impermissibly suggestive," see United States v. Washington, 12 F.3d 1128, 1134 (D.C. Cir. 1994), and if so, (2) whether under the totality of the circumstances, the identification is still sufficiently reliable to preclude "a very substantial likelihood of irreparable misidentification." See Manson v. Braithwaite, 432 U.S. 98 (1977) (citations omitted); see also Maddox v. United States, 745 A.2d 284, 292 (D.C. 2000) (citations omitted); Holt v. United States, 675 A.2d 474, 482 (D.C. 1996) (citations omitted).

The Court's reliability analysis focuses on five factors: (1) the opportunity of the witness to view the defendant during the crime; (2) the witness' degree of attention directed at the criminal; (3) the accuracy of any prior description of the criminal; (4) the level of certainty that the witness demonstrates when making the identification; and (5) the time that has elapsed between the crime and the identification.  See Washington, 12 F.3d at 1134 (citations omitted).

    A.  The Identification Procedures Were Not Unduly Suggestive.

First, the identification by J.K. began as a second-sighting, free from any allegedly suggestive police procedures. The witness saw the defendant drive by the bank on his bicycle. The witness then called the police and reported the second-sighting. When the police stopped the defendant, the witness then identified him as the robber.

The identification by Y.B. was also not unduly suggestive. Y.B. was shown six photographs of individuals with similar characteristics. She was not told which person to identify as the robber, or even told that one of the individuals in the array was a suspect in the robberies.

    B.  The Identifications of the Defendant Are Reliable.

Even assuming that the show-up identifications were unduly suggestive, the totality of the circumstances demonstrates that there was little chance of misidentification. In this case, the surveillance photographs contain pictures of the defendant robbing the bank both times. Moreover, J.K., who was used as a shield during both robberies, had the opportunity to view the defendant from a very close vantage point, spent a significant amount of time with him, and saw him yet again when the defendant robbed the Bank the second time. Likewise, Y.B. had two full opportunities to observe the defendant up close during the robberies. Moreover, both Y.B. and J.K. gave a detailed description of the defendant, and did not hestitate when making their identifications. In addition,

other evidence corroborates the identification: subsequent photo array identifications made by other witnesses, the surveillance photos and video clips which clearly capture the defendant on camera, and other evidence which will be presented at the hearing.

Accordingly, there being no factual or legal basis on which to conclude that the witness' identifications were unduly suggestive or are otherwise unreliable, the defendant's motion should be denied.

                                            Respectfully submitted,
                                            JEFFREY A. TAYLOR
                                            UNITED STATES ATTORNEY

By: _____

                                            JULIEANNE HIMELSTEIN
                                            Assistant United States Attorney
                                            Bar Number: 417136
                                            555 4th Street, N.W.
                                            Washington, D.C.  20001
                                            (202) 514-8203

Case 1:07-cr-00198-JR    Document 10    Filed 10/10/2007    Page 6 of 6