UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-198 (JR) |
| | : | |
| KEVIN STODDARD | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE
OTHER CRIMES AND BAD ACTS EVIDENCE PURSUANT TO
<u>FEDERAL RULES OF EVIDENCE 404(b)</u>

The United States Attorney, by and through the United States Attorney for the District of Columbia, hereby moves *in limine* for admission of certain evidence pursuant to Federal Rules of Evidence 404(b). The government relies upon the points and authorities cited herein and at any hearing on this matter to support its request for admission of this evidence.

I.      <u>PROCEDURAL BACKGROUND</u>

A federal grand jury indicted the defendant, Kevin Stoddard, on two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a).

II.     <u>FACTUAL BACKGROUND</u>

On April 3, 2007 at approximately 3:00 in the afternoon, the defendant entered M&T Bank on Georgia Avenue, NW, in Washington, D.C. The defendant, dressed in dark colors, wearing a black cap and sunglasses, approached a bank employee, who was sitting at a desk in the lobby of the bank. The defendant implied that he had a weapon, stuck something hard in the employee's back, and then walked the employee to the teller line and demanded large bills including 50's and 100's. The defendant then walked from teller to teller demanding money from each. After receiving cash, the defendant left the bank.

On May 14, 2007, at approximately 12:30 in the afternoon, defendant entered the same bank, carrying a mop and bucket. The defendant walked up to the same employee and told him, "you know what time it is." The defendant then led the employee to the teller line and again demanded large bills. After receiving cash, the defendant left.

On July 11, 2007, several employees from the bank saw a man whom they identified as the robber, walking his bike outside of the bank. Witnesses called the police and a show-up was conducted. Two witnesses identified the defendant as the man who committed the robberies. Moreover, an additional witness identified the defendant from a photo spread.

III.    NOTICE OF GOVERNMENT'S INTENT TO SEEK ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)

The government hereby gives notice to the defendant of its intention to seek to admit evidence pursuant to Federal Rules of Evidence 404(b).

Rule 404(b) requires the government to provide the defendant with "reasonable notice in advance of trial" of its intent to introduce evidence pursuant to this rule. See Fed. R. Evid. 404(b). That notice should inform the defendant of "the general nature" of the evidence that the government will seek to admit. Id.

Accordingly, the government hereby gives the defendant notice of its intent to introduce the following evidence:

(1)     1993 Bank Robberies involving same modus operandi

The government intends to introduce at trial evidence concerning the conduct underlying the defendant's 1993 conviction for Bank Robbery. Specifically, the government intends to introduce evidence that in 1993, in Maryland, defendant was convicted of robbing two banks. In

those bank robberies, the defendant entered each bank, wearing dark clothing, wore a knit cap, pretended that he had a weapon, moved from teller to teller, and demanded large bills. In the September 24th, 1993 robbery, defendant directed the teller to give him "hundreds and fifties...", and in the October 12th, 1993 robbery, defendant told the teller, "I'm back again", gestured that he had a weapon and demanded hundreds and fifties. See Statement of Facts (attached). In both robberies, defendant moved from teller to teller.

    IV.    LEGAL ARGUMENT

    A.    Federal Rules of Evidence

All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority. See Fed. R. Evid. 402. Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir.

1998) (internal quotations omitted).  In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility."  Id.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'"

All evidence, is subject to the strictures of Rule 403.  Thus, the admissibility of other crimes or bad acts evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue in the case, see Fed. R. Evid. 404(b), including propensity, see Fed. R. Evid. 414, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  United States v. Moore, 732 F.2d 983, 987, 989 (D.C. Cir. 1984)  Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

---

[1]As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id.  And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to

As discussed more fully below, the evidence which the government seeks to admit in this case easily meets the requirements of the Federal Rules of Evidence.

B. The Evidence is Relevant.

All of the evidence that the government seeks to admit is relevant to prove that the defendant is indeed the person who committed these two bank robberies. The evidence that the government seeks to admit shows that the defendant used the same methods before as he did in these two bank robberies. The proffered evidence demonstrates that the defendant wore dark clothing and a cap, pretended to have a weapon, moved from teller to teller, and demanded large bills. In the two charged robberies, the defendant wore dark clothing and a knit cap, pretended he had a weapon, moved from teller to teller, and demanded large bills. For these reasons, the proffered evidence is plainly relevant to the charged crimes.

C. The Evidence is Admissible Under Rule 404(b)

As stated above, Rule 404(b) permits evidence of other bad acts to be admitted to prove anything other than propensity to commit the crimes charged. The evidence that the government seeks to admit regarding the prior bank robbery tends to prove the identification of the defendant as the person who robbed the banks, and is therefore admissible under Rule 404(b). See, e.g., United States v. Lawson, 410 F.3d 735, 741 (D.C. Cir. 2005) (evidence of uncharged bank robbery admissible in bank robbery case where both crimes were executed by taller man with distinctive handgun and shorter man who collected money, and taller man appeared to wear same clothes); United States v. Carr, 373 F.3d 1350, 1352 (D.C. Cir. 2004) (evidence from separate bank robberies would have been admissible in separate trials, where robber's beard, clothing, and

---

the other crimes evidence and the charged conduct. Id.

*modus operandi*, including demand notes, were similar in each robbery); United States v. Oman, 427 F.3d 1070, 1075 (8th. Cir. 2005) (prior bank robbery convictions admissible in bank robbery case where robberies took place in similar locations, no weapon was used or teller threatened, and in four instances robber had worn nothing over face).

WHEREFORE, for the above-stated reasons, the government respectfully requests that this Court grant its motion *in limine* to admit the proposed evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
Julieanne Himelstein
Assistant U.S. Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-8203
Julieanne.Himelstein@usdoj.gov

_____
David P. Saybolt
Assistant U. S. Attorneys
555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 307-6080

**EXHIBIT A**

If this case had proceeded to trial, the government would have proven the following facts through testimony and documents:

**COUNT TWO**

On September 24, 1993, the defendant, Kevin L. Stoddard, entered the Citizens Bank of Maryland, 13975 Connecticut Avenue, Wheaton, Maryland, and approached a teller working behind the teller counter. Stoddard handed the teller a plastic People's Drug Store bag, and said "Hand over the money, I want hundreds and fifties -- hurry." The teller, who was intimidated, gave him money. Stoddard then approached a second teller and made the same demand. After obtaining the money, Stoddard fled the bank, and went across the street and entered a red getaway car. Stoddard obtained approximately $2040.00 in United States Currency.

On October 12, 1993, Stoddard, who had been arrested on other charges in Wheaton, Maryland, gave a statement to the Montgomery County Police. Stoddard was given his rights and waived them. He then admitted that he had robbed the Citizens Bank.

At the time of the robbery, the deposits under the care, custody and control of the Citizens Bank were insured by the Federal Deposit Insurance Corporation.

**COUNT THREE**

On October 12, 1993, the defendant, Kevin L. Stoddard, entered the Equitable Federal Savings Bank of Maryland, 11501 Georgia Avenue, Wheaton, Maryland, and approached a teller working behind the teller counter, and said "I'm back again." Stoddard

gestured to his waist-band as if he had a weapon, but no weapon was seen. Stoddard again demanded hundreds and fifties and told the teller to hurry. The teller, who was intimidated, gave him money, and gave him a bank security dye pack. Stoddard obtained approximately $610.00 in United States Currency.

As Stoddard left the bank, the bank security dye pack went off, covering him with dye. An assistant manager followed him out, and chased him down the street. Men working in a nearby tire store also took up the chase. Stoddard dumped the money and the dye pack, and was caught shortly thereafter by the tire store employees. Stoddard was held until police showed up.

On that date, Stoddard gave a statement to the Montgomery County Police. Stoddard was given his rights and waived them. He then admitted that he had robbed the Equitable Federal Savings Bank.

At the time of the robbery, the deposits under the care, custody and control of the Equitable Federal Savings Bank were insured by the Federal Deposit Insurance Corporation.