## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) **Cr. No.  07-198 (JR)** |
| **V.** | ) |
| | ) |
| **KEVIN STODDARD** | ) |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S
### MOTION TO INTRODUCE OTHER CRIMES EVIDENCE

Defendant Kevin Stoddard is charged with two counts of bank robbery.  The offenses are alleged to have occurred on April 3, 2007 and on May 14, 2007.

The government has moved for the introduction, as evidence, of the following: 1) a September 24, 1993 bank robbery, and; 2) an October 12, 1993 bank robbery.  Defendant opposes this motion.

ANALYSIS

Fed. R. Evid. 404(b) reads in pertinent part as follows:

(b) **Other Crimes, Wrongs, or Acts.**

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The government apparently alleges that the prior robberies establish the identity of Mr. Stoddard as the person who committed the instant robberies.

In determining whether other crimes evidence is admissible, a two-step analysis is required in this Circuit.  First, the Court must determine whether the evidence is offered for a permissible purpose; second, the Court must determine, pursuant to Rule 403, whether the probative value of the

evidence is substantially outweighed by the danger of unfair prejudice. *United States v. Cassell,* 292 F.3d 788 (D.C. Cir. 2002); *United States v. Washington,* 969 F.2d 1073 (D.C. Cir. 1992).

The two of the events proffered by the government some 14 years ago. Much as fairness dictates that convictions that are dated may not be used for impeachment purposes, "evidence" of fourteen years ago should not be utilized here.[1] That is, we submit that relevant evidence must have a temporal quality to it. Surely, for example, evidence of possession of a pistol some seventeen years ago, absent more, would not likely be admissible in a trial today on felon in possession charges. We note that in *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992), the other crimes evidence occurred immediately prior to the charged conduct.

Of more import, however is the fact that there is nothing so unique about the prior crimes that proves identity in this case. All that the government alleges is that a robber went into banks with dark clothing, a knit cap, and the pretense of a weapon. With all respect, these facts describe a bank robbery that probably occurs on a daily basis in the United States. Accordingly, on this record, the evidence proves nothing with respect to identity.

Even if the evidence is probative of an issue other than character, the Court must determine whether the probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403 reads as follows:

> **Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

---

[1] Although not precisely analogous, time limitations are also placed on convictions used in computing sentencing under the Guidelines.

2

evidence.

Here, as a cumulative matter, evidence of all of the events proffered by the government serve to paint Mr. Stoddard simply as a criminal as opposed to merely establishing identity. Indeed cumulatively, the prejudice of the other crimes evidence overwhelms the more nuanced purpose for which it might be admissible.

For the foregoing reasons, and any others that may appear to the Court, Mr. Stoddard and counsel ask that the government's motion be denied.

Respectfully submitted,

A.J. Kramer

Federal Public Defender

By:     _____/s/_____
        Shawn Moore
        Assistant Federal Public Defender
        Attorney for Kevin Stoddard
        DC Bar #214171
        625 Indiana Avenue, NW #550
        Washington, DC 20004