UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 07-198(JR) |
| v. | : | |
| | : | |
| | : | Trial:  December 12, 2007 |
| KEVIN STODDARD, | : | |
| | : | |
| Defendant. | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**[1]

The United States submits the following jury instructions:

*Instructions Before and During Trial*

| | |
|---|---|
| 1.02 | Notetaking |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulation of Fact |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Question Not Evidence (if necessary) |
| 1.08 | Expert Testimony (if necessary) |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if necessary) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if necessary) |
| 1.13 | Impeachment by Proof of Conviction of a Crime — Defendant, if necessary |
| 1.15 | Cautionary Instruction-Photograph of Defendant |

*Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment or Information Not Evidence |
| 2.08 | Burden of Proof — Presumption of Innocence |
| 2.09 | Reasonable Doubt |
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to Be Considered |
| 2.26 | Police Officer's Testimony |
| 2.27 | Right of Defendant Not to Testify |

---

[1] Instructions in bold print have been proposed by defense counsel and are objected to by counsel for the United States.

| | |
|---|---|
| 5.06 | Identification |
| 2.28 | Defendant as Witness |
| 2.42 | Character And Reputation of Defendant (if necessary) |
| 2.43 | Cross-Examination of Character Witness (if necessary) |
| 2.52 | Multiple Counts–One Defendant |
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communications Between Court and Jury During Jury's Deliberations |
| 2.76 | Furnishing the Jury with a Copy of the Instructions |

*Definitions and Proof*

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" — Proof of |

**COUNTS ONE AND TWO: BANK ROBBERY**

The defendant is charged in Counts One and Two of the Indictment with Bank Robbery.

Title 18, United States Code, Section 2113(a) provides, in pertinent part, that whoever, by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of , any bank, credit union, or any savings and loan association.

**Essential Elements**

In order for the defendant to be found guilty of Counts One and Two, the United States must prove each of the following elements beyond a reasonable doubt:

First: that the financial institution was a federally insured bank;

Second: that the defendant took money–that belonged to or was in the care, custody, control, management, or possession of the bank and from or in the presence of another person; and

Third: that the taking was accomplished by the used of intimidation.

With respect to the first element of the offense, that the M and T Bank was "federally insured". For purposes of this case, a federally insured Bank is an institution whose deposits or accounts are insured by the Federal Deposit Insurance Corporation.

With respect to the second element of the offense, "that the defendant took money from the Bank", the government must establish beyond a reasonable doubt that the defendant took money that belonged to or was in the care, custody, management or possession of the Bank, from a person or in the presence of another person.

With respect to the third element of the offense, that the defendant used intimidation, the government must prove beyond a reasonable doubt that the defendant took the money from another person by acting in an intimidating manner. The phrase "intimidating manner" means that the defendant did or said or expressed something that would make an ordinary reasonable person fear bodily harm if he or she resist. The actual courage or timidity of the victim is irrelevant.

The burden is on the government to prove beyond a reasonable doubt, not only that the offense was committed as alleged in the indictment, but that the defendant was the person who committed it.

Respectfully submitted,

BY: _____
JULIEANNE HIMELSTEIN
Assistant United States Attorney
555 Fourth Street, N.W., Room 4832
Washington, D.C. 20530
(202) 514-8203
Julieanne.Himelstein@usdoj.gov


_____
DAVID SAYBOLT
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
david.saybolt@usdoj.gov