UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 07-198(JR) |
| | : | |
| KEVIN STODDARD | : | |

DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER

Pursuant to the provisions of 18 U.S.C. §3145, and F.R.Cr.P. 47 and L. Cr. R. 47, defendant Kevin Stoddard, by his attorney, Gary M. Sidell, hereby submits his motion for review and modification of the July 17, 2007 detention order by the Honorable Deborah A. Robinson. See docket #2, 3, July 17 and 30, 2007, respectively. As grounds for his motion, Mr. Stoddard states the following:

1.      Mr. Stoddard has been held with no bond in connection with this case since July 11, 2007, nearly one (1) ago.

2.      Since that initial detention decision, Mr. Stoddard has participated in two (2) jury trials on the superseding indictment in this case charging him with two (2) counts of bank robbery, in violation of 18 U.S.C. 2113(a). The first trial began on December 11, 2007 and, three (3) days later, after unauthorized communications between a law enforcement agent and a deliberating juror, a mistrial was declared. The second jury trial began, with new counsel, on

April 21, 2008 and, four (4) days later, resulted in a hung jury producing a declaration of a second mistrial.

    3.    Mr. Stoddard's third trial date, again with new counsel, is now set for October 15, 2008.

    4.    Counsel has been able to confirm by telephone that, if released, Mr. Stoddard may reside with his sister, Ms. Sherita Stoddard, at her residence of two (2) years, 4429 Rena Road, Apartment 203, in Suitland, Maryland 20746 (240-392-2840).  Ms. Stoddard has informed counsel that her 12 month lease is currently set to expire in December, 2008.  Ms. Stoddard lives at this address with her two (2) minor children, ages 10 and 16 years.

    5.    Counsel has been able to confirm by telephone (240-671-1840) that, if released, Mr. Stoddard may resume full time employment with the GLW Sheetmetal company, a Maryland corporation licensed to do sheetmetal work in the three (3) metropolitan jurisdictions and owned by Mr. Gregory White, whose office address is 1414 Ritchie Marlboro Hwy, in Capital Heights, MD.  Mr. Stoddard would work as a sheetmetal helper on a full time basis, Monday through Friday, and sometimes on Saturdays, depending upon the company's work schedule, between the hours of 6:00 a.m. and 3:30 p.m.   Mr. Stoddard's prior one year employment with this company was verified by the Pre-Trial Services Agency ("PSA") in its July 12, 2007 report.

    6.    In the July, 2007 PSA report, Mr. Stoddard had a then pending drug case in D.C. Superior Court, 2006-CF2-022789 (distribution of a controlled substance/cocaine, possession with intent to distribute a controlled substance).  After a jury trial resulted in a conviction for these offenses, as well as for the offense of Bail Reform Act ("BRA"), on November 28, 2007, Mr. Stoddard was sentenced on February 7, 2008, to concurrent sentences of 28 months

(distribution), 60 days (possession) and 8 months (BRA), respectively, and 18 months probation on each charge, with execution of all of the jail sentences suspended. Hence, the pendency of this case at the time of his Superior Court sentencing, as it occurred between the first two (2) trials in this case, did not produce any jail sentence there, even for a BRA offense. Alternatively, even though Mr. Stoddard was convicted of those three (3) offenses, he received a probationary sentence demonstrating, we suggest, that he is not now considered a danger to the community or flight risk.

7. As proposed at the initial bond hearing nearly one (1) year ago, we propose now that Mr. Stoddard be released from continued detention and either placed in a halfway house[1] until his upcoming trial or be permitted to reside with his sister at her address identified above. Of course, any such proposed release would include a requirement that Mr. Stoddard obtain and maintain his full time employment as a sheetmetal helper with GLW. Moreover, if released to his sister's residence, we would also propose that Mr. Stoddard be required to report periodically to PSA in person or by telephone, or that he be subject to electronic monitoring, while being permitted to attend work on the full time basis noted above or as it may be altered.

8. While Mr. Stoddard remains charged with two (2) counts of a serious offense (bank robbery), he submits that any conviction at the third scheduled trial is far from certain. Indeed, based on current counsel's review so far, there appears to be no physical or scientific evidence of any kind connecting Mr. Stoddard with either of the two (2) different bank robbery dates in this case, but that the prosecution's case is limited, in its entirety, to eyewitness identification testimony. Such evidence has yet to carry the day, notwithstanding more than a

---

[1] Counsel understands, having spoken recently with a member of PSA, that currently there is an approximate one (1) week wait to enter a halfway house from either CTF or the D.C. Jail. Mr. Stoddard is most willing to endure another week before placement in a halfway house, if that is an acceptable alternative to continuation in his current indeterminate custodial setting.

3

full day of jury deliberations at the most recent trial, and will now be subject to a third re-telling. Indeed, the second trial resulted only due to improprieties engaged in by law enforcement personnel during deliberations in the first trial, hardly something over which Mr. Stoddard had any control, but for which he was compelled to wait more than four (4) months for his second trial to begin while remaining in custody.

9.  In reviewing a detention decision, this Honorable Court is entitled to makes its own independent conclusions while reviewing the Magistrate Judge's decision de novo.  See, United States v. Leon, 766 F.2d 77 (2d Cir. 1985); United States v. Daniels, 772 F.2d 382 (7th Cir. 1985), cert. denied, 498 U.S. 981 (1990).  While such a standard of review does not require that another hearing be conducted, unless this Honorable Court so chooses, review of the prior determination must be made without limitation to the earlier findings.

10.  Of the findings of fact supporting the Magistrate Judge's detention decision, the determination was made that prosecution's proffered evidence against Mr. Stoddard was "compelling."  Clearly, after lengthy deliberations in both trials to date, we submit that the actual evidence presented at trial was far less "compelling" than any proffer or hearsay presentation at the detention hearing since no verdict resulted.  Moreover, the additional factor of the defendant's "history and characteristics" reportedly supported detention.  However, three (3) of the four factors identified at that hearing, as enunciated by the detention Memorandum, Docket # 3 @ page 4, involved matters which have now ripened into convictions, but for which probationary sentences were imposed.  Furthermore, with the exception of a 2003 Maryland robbery conviction resulting in a one (1) year sentence, Mr. Stoddard's prior convictions date back 14, 19 and 20 years.   We submit that these convictions, although convictions, bear little weight in the calculus of determining whether Mr. Stoddard will return for his October, 2008

4

trial or will be a danger to the community if he remains employed full time, is required to periodically check in with PSA, participate in a drug monitoring program, if not reside in a halfway house.

In sum, Mr. Stoddard submits that he should be permitted to be released pending his third trial where he would either reside with his sister at her Rena Road address, or in a halfway house, maintain full time employment with his former employer, and any other reporting conditions that this Honorable Court may impose.

Respectfully submitted,

_____/s/_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
D.C. Bar No. 961847
202-783-0060
suitcase@erols.com
Attorney for Kevin Stoddard

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served by ECF on all parties to this case this 7th of July, 2008.

_____/s/_____
Gary M. Sidell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 07-198(JR) |
| | : | |
| KEVIN STODDARD | : | |

O R D E R

Upon consideration of defendant Kevin Stoddard's motion for review of the detention order ("MOTION"), the entire record of this proceeding and any opposition submitted, it is this _____ day of _____, 2008, hereby

ORDERED, that the MOTION is hereby GRANTED, and it is further

ORDERED, that the defendant Kevin Stoddard shall be released to a halfway house, and is required to maintain full time employment, report to the Pre-Trial Services Agency either in person or by telephone, or both, as they require, and is to participate in any and all additional conditions that they establish; and it is further

ORDERED, that the defendant Kevin Stoddard shall reside with his sister at her residence of 4429 Rena Road, Apartment 203, in Suitland, Maryland 20746, and is required to maintain full time employment, report to the Pre-Trial Services Agency either in person or by telephone, or both, as they require, and is to participated in any and all additional conditions that they establish.

                                            _____
                                            JAMES ROBERTSON, Judge
                                            United States District Court for the District of Columbia